**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **OMAR HADDAD #912080** | § | |
| | § | |
| **V.** | § | **A-26-CV-00375-ADA** |
| | § | |
| **HAYS COUNTY JAIL, et al.** | § | |

**ORDER**

Before the Court is Plaintiff Omar Haddad's civil-rights complaint. The Court granted Plaintiff leave to proceed *in forma pauperis*. For the reasons discussed below, the Court dismisses Plaintiff's complaint.

STATEMENT OF THE CASE

At the time he filed his complaint, Plaintiff was confined in the Hays County Jail. He alleges he has been in jail for eight months without a valid indictment. He states he needs his medication and he has not been allowed to go to court. He sues the Hays County Jail, court-appointed attorney Edwin Matias, Wellpath, Sheriff Kelly Higgins, and the Kyle Police Department. He requests $5 million in damages.

DISCUSSION AND ANALYSIS

1. Legal Standard

When an inmate seeks redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579–80 (5th Cir. 1998) (*per curiam*). If a plaintiff is proceeding IFP, his complaint is also subject to screening under § 1915(e)(2). Both statutes provide for *sua sponte* dismissal of a

complaint—or any portion thereof—if the Court finds it frivolous or malicious, if it fails to state a claim upon which relief can be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact, i.e., when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009) (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999)). A complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v. FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This standard requires more than the mere possibility that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556.

All well–pleaded facts are taken as true, but the district court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005). Although "detailed factual allegations," are not required, "more than an unadorned, the–defendant–unlawfully–harmed–me accusation" is. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id.* And although a court must construe a pro se's allegations liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), a plaintiff's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the

judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

2.      Entities Not Capable of Suit

The Hays County Jail and the Kyle Police Department are not legal entities capable of being sued. *See Guidry v. Jefferson County Detention Center*, 868 F. Supp. 189, 191 (E.D. Tex. 1994) (holding that the Jefferson County Detention Center is not a legal entity subject to suit); *Darby v. Pasadena Police Dep't*, 939 F.2d 311 (5th Cir. 1991) (holding that police and sheriff's departments are governmental subdivisions without capacity for independent legal action). Therefore, Plaintiff's claims against the jail and police department are dismissed.

3.      State Actors

Plaintiff's attorney is not a state actor. Section 1983 provides a remedy for the deprivation of federal rights "under color of state law." *Ballard v. Wall*, 413 F.3d 510, 518 (5th Cir. 2005) (internal quotation marks omitted). Private individuals are not generally considered to be state actors for the purpose of § 1983, but "a private individual may act under color of law in certain circumstances, such as when a private person is involved in a conspiracy or participates in joint activity with state actors." *Id.*

Plaintiff's only claims against his attorney are that the attorney has never contacted him and will not file any paperwork. Plaintiff's claims are conclusory and fail to show his attorney was a willful participant in joint action with the state. Accordingly, he fails to state a claim against his attorney for the violation of his constitutional rights.

4.        Sheriff Kelly Higgins

Plaintiff is assisted by Inmate Joseph Burpee, who has previously claimed he is "legal aid" for the detainees in the Hays County Jail.  Burpee believes service of the indictment on the jail issued tablet is not sufficient service.  Burpee has drafted numerous civil-rights complaints and habeas corpus petitions for his fellow inmates, challenging electronic service of the indictment.

The Texas Code of Criminal Procedure requires prompt service by the sheriff to the accused of a pending indictment against him and requires that the sheriff file a return thereon, showing when and how the same was executed. *See* TEX. CODE CRIM. PROC. art. 25.02. Specifically, the relevant provisions state:

> In every case of felony, when the accused is in custody, or as soon as he may be arrested, the clerk of the court where an indictment has been presented shall immediately make a certified copy of the same, and deliver such copy to the sheriff, commanding him forthwith to deliver such certified copy to the accused.

TEX. CODE CRIM. PROC. art. 25.01.

> Upon receipt of such writ and copy, the sheriff shall immediately deliver such certified copy of the indictment to the accused and return the writ to the clerk issuing the same, with his return thereon, showing when and how the same was executed.

TEX. CODE CRIM. PROC. art. 25.02.

Public records indicate Plaintiff was indicted on September 4, 2025, the Sheriff served Plaintiff on September 5, 2025, and the Sheriff filed the return on September 9, 2025.  The failure to serve a paper copy of the indictment upon a criminal defendant does not render Plaintiff's confinement illegal or amount to a constitutional violation.

5.    Habeas Claims

To the extent Plaintiff challenges his indictment, the exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release is habeas corpus relief. *Preiser v. Rodriguez*, 411 U.S. 475, 488-490 (1973). To warrant habeas relief under 28 U.S.C. § 2241, a state petitioner must be in custody and must have exhausted all available state remedies. *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484 (1973). Although exhaustion of state remedies is mandated by statute only for post-trial habeas claims under 28 U.S.C. § 2254(b), well-established Fifth Circuit precedent holds that the federal courts should abstain from exercising jurisdiction over pretrial habeas claims if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner. *See Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987); *Brown v. Estelle*, 530 F.2d 1280, 1284 (5th Cir. 1976). Federal habeas relief should not be used as a "pre-trial motion forum for state prisoners." *Braden*, 410 U.S. at 493.

The same day he filed his civil-rights complaint, Plaintiff filed a Section 2241 petition in Cause No. 1:26cv00376-ADA. The Court dismissed the petition without prejudice for failure to exhaust state court remedies and abstention. Therefore, the Court does not construe Plaintiff's civil-rights complaint as another Section 2241 petition.

6.    Medical Claims

Plaintiff alleges Wellpath, the provider of medical care at the Hays County Jail, fails to provide him proper medical attention. Specifically, he alleges he is denied "proper medication." Plaintiff filed a second civil-rights complaint against Wellpath in Cause No. A-26-CV-00491-ADA

only 14 days after he filed the instant civil-rights complaint.  In that case, he also challenges the medical care provided to him in the Hays County Jail by Wellpath.

Plaintiff's claims are duplicative.  An action may be dismissed as malicious or frivolous if it duplicates claims raised by the same plaintiff in previous or pending litigation. *See Wilson v. Lynaugh*, 878 F.2d 846, 849–50 (5th Cir. 1989); *Pittman v. Moore*, 980 F.2d 994, 994–95 (5th Cir. 1993).  Because Plaintiff's claims against Wellpath in this case are unrelated to his claims that his detention is unlawful, Plaintiff's claims against Wellpath are dismissed without prejudice to pursuing such claims in Cause No. A-26-CV-00491-ADA.  However, the Court warns it could have just as easily dismissed Cause A-26-CV-00491-ADA as malicious and assessed a second strike.

CONCLUSION

The Hays County Jail and the Kyle Police Department are not legal entities capable of being sued.  Plaintiff's court-appointed attorney is not a state actor.  Additionally, Plaintiff fails to allege a valid constitutional violation against Sheriff Higgins.  Plaintiff's claims against Wellpath are dismissed because Plaintiff raises the same or similar claims in A-26-CV-00491-ADA.

It is therefore **ORDERED** that Plaintiff's claims against Defendant Wellpath are **DISMISSED WITHOUT PREJUDICE** to pursing his claims against Wellpath in Cause No. A-26-CV-00491-ADA.

It is further **ORDERED** that Plaintiff's remaining claims are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e).

It is further **ORDERED** that Plaintiff is warned, if he files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on

which relief may be granted, he will be prohibited from bringing any other actions *in forma pauperis* unless he is in imminent danger of serious physical injury.  *See* 28 U.S.C. § 1915(g).

It is finally **ORDERED** that the Clerk of Court shall e-mail a copy of the Court's order and judgment to the keeper of the three-strikes list.

SIGNED on March 18, 2026.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE